IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG-17-0268 |
| | * | |
| QUINCY O'NEILL TAYLOR, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S RESPONSE OPPOSING PETITIONER'S
POST CONVICTION MOTION PURSUANT TO 28 U.S.C. § 2255**

The United States of America, through its attorneys, Robert K. Hur, United States Attorney for the District of Maryland, and Ray D. McKenzie, Assistant United States Attorney for said district, respectfully submits the following response opposing Petitioner's Post Conviction Motion Pursuant to 28 U.S.C. § 2255 ("Motion"). For the reasons that follow, Petitioner's Motion should be denied in its entirety without a hearing.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 17, 2017, Petitioner, Quincy O'Neill Taylor, was charged by the grand jury with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846 ("Count One"), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two"). ECF No. 1. On May 24 and 25, 2017, the magistrate court held detention hearings, after which Petitioner was released on conditions. ECF Nos. 9, 10, 11. On July 13, 2017, Petitioner filed a motion to suppress evidence, specifically seeking to suppress any in-court identification, evidence seized from Petitioner's residence, and statements made to law enforcement. ECF No. 18.

On December 1, 2017, Petitioner pled guilty to Count One and Count Two, pursuant to a written plea agreement with the Government. ECF Nos. 22, 25; Transcript of Proceedings dated December 1, 2017 (attached hereto as Exhibit 1) at 27:3-11. As set forth in his plea agreement, Petitioner acknowledged under oath his understanding that Count One carried a mandatory minimum sentence of imprisonment of five years and Count Two carried a mandatory minimum sentence of imprisonment to be imposed consecutive to any sentence on Count One. ECF No. 25 at ¶ 3; Ex. 1 at 3:20, 4:11-13, 7:11-24, 9:8-12, 16:9-19. Petitioner received a three-level reduction in offense level for prompt acceptance of responsibility. ECF No. 25 at ¶¶ 30-31; Ex. 1 at 19:25-20:5. Petitioner acknowledged under oath that he was waiving his right to appeal his conviction and to appeal any sentence imposed within the sentencing guidelines range for the agreed-upon offense level of 21 on Count One, followed by the mandatory minimum consecutive sentence on Count Two. ECF No. 25 at ¶ 16; Ex. 1 at 14:18-23, 21:2-10. Moreover, Petitioner agreed to the entry of an order of forfeiture as set forth in the plea agreement. ECF No. 25 at ¶¶ 12-13; Ex. 1 at 20:22-21:1. Petitioner also acknowledged that there were "no other agreements, promises, undertakings or understandings" between Petitioner and the government that were not set forth in the written plea agreement. ECF No. 25 at ¶ 19; Ex. 1 at 22:4-10. Petitioner further averred under oath that he understood the terms of the plea agreement. Ex. 1 at 4:11-13, 5:6-9, 26:18-23, 28:14-18. The factual stipulation attached to the written plea agreement set forth a sufficient factual basis for Petitioner's guilty plea; Petitioner admitted under oath that the facts were true and that he in fact was guilty; and the Court, after finding that Petitioner's plea was knowing and voluntary, adjudged Petitioner guilty and set the matter for sentencing. *See* ECF Nos. 25-1, 27; Ex. 1 at 23:12-26:17, 27:12-30:13. Petitioner requested an expedited sentencing, and the Court accommodated the request. *See* ECF No. 27.

During his plea hearing and sentencing, Petitioner was represented by retained counsel, Douglas J. Wood, Esq. *See* ECF No. 12; Ex. 1 at 1, 2:8-10; Ex. 2 (Transcript of Sentencing Hearing dated Feb. 7, 2018) at 1, 3:10-13. During the plea hearing, Petitioner acknowledged, under oath, that he had discussed the plea agreement with his attorney, had enough time to consult with his attorney, and was satisfied with the help his attorney had given him. Ex. 1 at 5:22-6:2, 28:20-23.

The U.S. Probation office filed the Presentence Investigation Report and Recommendation ("PSR") on January 12, 2018. ECF No. 29. The PSR set forth the counts to which Petitioner had pleaded guilty and their maximum and minimum penalties. *Id.* ¶¶ 1, 2, 33, 67, 68, 69. The PSR also set forth the factual stipulation to which the parties had agreed. *Id.* ¶¶ 8-14. Petitioner filed a response to the PSR, stating: (1) "The defendant and counsel have had the opportunity to review the Presentence Investigation Report and find no material inaccuracies in the report and agree with the guideline calculations" and (2) "[t]he defendant and counsel agree with the recommendation of United States Probation Officer . . . . The defendant's plea . . . requires that this Court impose[] a mandatory sentence of five years even though the guideline[s] range is 37 to 46 months . . . [and] the imposition of [a] consecutive period of incarceration of 60 months." ECF No 30 at ¶¶ 1-2. The Government filed no objections to the PSR. Ex. 2 at 4:8-10.

On February 7, 2018, just a little over two months after Petitioner pleaded guilty, the Court held the sentencing hearing. ECF No. 31. During the sentencing hearing, Petitioner confirmed that he had reviewed the PSR with counsel. Ex. 2 at 4:11-18. The Court subsequently found that a sixty-month mandatory sentence applied to Count One and a mandatory consecutive sixty-month sentence applied to Count Two. Ex. 2 at 4:19-5:16. The Court found Petitioner's criminal history category to be a one pursuant to his having no criminal history points. *Id.* 5:6-8. Neither party objected to the Court's calculation. *Id.* at 5:22-6:9. After hearing from the parties, the Court

sentenced Petitioner to 120 months' imprisonment, four years of supervised release, $200 in special assessments, and an order of forfeiture for the firearms, ammunition, and $34,640. Ex. 2 at 6:17-15:25. After a request from defense counsel, the Court entered an order modifying Petitioner's release conditions to remove electronic monitoring. ECF No. 32; Ex. 2 at 10:5-16, 17:24-18:3.

On August 1, 2018, Petitioner timely filed the Motion. ECF No. 37. In the Motion, Petitioner seeks to "withdraw guilty plea." *Id.* at 12. Petitioner attached a memorandum to detail the alleged grounds for relief. *Id.* at 5, 13-63.[1] Petitioner alleges ineffective assistance of counsel because "counsel did not challenge the alleged gun violation," "did not obtain or request a laboratory analysis," and "[c]ounsel advised Taylor to plead guilty, no discussion of mandatory minimum sentences with Taylor was had with counsel." *Id.* at 14. Petitioner also claims that he "received the maximum sentence possible for this incident." *Id.*

On August 6, 2018, the Court issued an order directing the Government to respond to the Motion. ECF No. 38. On September 5, 2018, the Court granted the Government's motion for a sixty-day enlargement of time to obtain the required transcripts and draft a response. ECF Nos. 39, 40. The Government now responds.[2]

---

[1] Page citations refer to the page number supplied by the Court's electronic filing system.

[2] Petitioner devotes a significant amount of the Motion to a section titled, "II. The Movant's Sentence and Overall Representation by Counsel resulted in a Bias, Discriminatory Prosecution and Sentence; violating the United States Constitution." Mot. at 15-53. The next section of the Motion is titled, "II. Law," and includes additional arguments regarding the harshness of mandatory minimum sentences. *Id.* at 53-60. The materials presented in these portions of the Motion are unintelligible, make bald allegations (*e.g.*, "There is substantial evidence of racial impact in the instant case and awareness of probably [sic] racially invidious effect when the applicable drug statutes were adopted to warrant a finding that the mandatory minimum sentences in this case should never have applied and were motivated inpart [sic] by racial animus. In contravention of the Equal Protection Clause of the United States Constitution. [sic]"), or contain no specific allegations with regard to Petitioner's guilty plea and sentencing that warrant a response. Thus, the Government does not address them here.

**LEGAL STANDARD**

A motion filed under 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). Relief under § 2255 is therefore designed to remedy fundamental constitutional, jurisdictional, or other errors, and is reserved for situations in which failure to grant relief would otherwise "inherently result in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When seeking relief under § 2255, a petitioner bears the burden of proving the asserted grounds for collateral relief by a preponderance of the evidence. *See Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). This is in keeping with the fundamental principal that "a final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 165 (1982). The standard of review that courts must apply in reviewing a § 2255 is therefore necessarily higher than would be applied on direct appeal. *Id.* "Once the [petitioner's] chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted . . . ." *Id.* at 164.

Where ineffective assistance of counsel is alleged, a petitioner must meet the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed, a petitioner bears the burden of establishing that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. To satisfy the first prong of *Strickland*,

5

Petitioner must establish that "'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687). A reviewing court applies a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id*. (quoting *Strickland*, 466 U.S. at 689). To satisfy the second prong of the Strickland test, a petitioner must demonstrate prejudice. *Strickland*, 466 U.S. at 688, 694. If a defendant fails to meet his burden of establishing *Strickland* prejudice, then "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

Moreover, to satisfy the *Strickland* burden, a petitioner must articulate and support with specific evidence the errors committed by counsel that constitute ineffective assistance. *See United States v. Dyess*. 730 F.3d 354, 359-60 (4th Cir. 2013). Vague and conclusory allegations of ineffective assistance will not support a § 2255 claim and can be disposed of by the court. *See United States v. Dyess*. 730 F.3d at 359-60 (finding no error where the district court limited inquiry to only stated grounds supported by facts and argument.).

"When a defendant challenges a conviction entered after a guilty plea, [the] 'prejudice' prong of the [*Strickland*] test is slightly modified. Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988); *accord Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

The court's inquiry is "ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce,* 488 U.S. 563, 569 (1989). Relatedly, it is well-settled that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" *Id.* (citing *United States v. White,* 366 F.3d 291, 295-96 (4th Cir. 2004)). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Id.* (citing, *inter alia*, *Crawford v. United States,* 519 F.2d 347, 350 (4th Cir. 1975), *partially overruled on other grounds by United States v. Whitley,* 759 F.2d 327 (4th Cir.1985) (en banc)).[3] Accordingly, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be

---

[3] *See also Lasiter v. Thomas,* 89 F.3d 699, 702-03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouellette v. United States,* 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); *United States v. Bowman,* 348 F.3d 408, 417 (4th Cir. 2003) ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process.").

eliminated—'permit[ting] quick disposition of baseless collateral attacks.'" *Id.* at 221-22 (quoting *Blackledge,* 431 U.S. at 79 n.19 (1977)).

## ARGUMENT

### I. Petitioner Has Not Established Ineffective Assistance of Counsel

The Motion should be denied because the record establishes that Petitioner's guilty plea was both counseled and voluntary. *Broce,* 488 U.S. at 569. Indeed, contrary to Petitioner's contentions, *see* Mot. at 13 ("Quincy O'Neill Taylor entered an unknowing, unintelligent, guilty plea"), the Court so found during the plea hearing, after conducting a thorough inquiry and being satisfied with Petitioner's responses, which were made under oath. Petitioner's sworn statements belie this allegation that his plea was not voluntary or counseled and should be disregarded. *See Lemaster*, 403 F.3d at 221-22.

The record is clear and unequivocal. The Court determined that Petitioner was competent to plead guilty. Ex. 1 at 4:19-5:24, 6:3-6. In addition, the Court inquired of or informed Petitioner about all the areas required by Rule 11, including the significance of being placed under oath, the right not to plead guilty and persist in a plea of not guilty, the right to a jury trial, the right to counsel, the nature of each charge to which Petitioner was pleading guilty, the maximum possible penalties, the applicable mandatory minimums, potential forfeiture, mandatory special assessments, the operation of the sentencing guidelines, and the contours of his appeals waiver. *See* Fed. R. Crim. P. 11(b)(1); Ex. 1 at 3:6-20, 7:11-24, 10:3-15:7, 17:8-20:19, 20:22-21:10, 27:12-28:23. The Court also specifically ensured that Petitioner's guilty plea did not result from force, threats, or promises other than the promises in the plea agreement. *See* Fed. R. Crim. P. 11(b)(2); Ex. 1 at 5:18-21, 26:25-27:2, 28:18. The Court further determined that there was a sufficient factual basis for the plea. *See* Fed. R. Crim. P. 11(b)(3); Ex. 1 at 23:12-26:17. Moreover, the Court followed the other procedural requirements set forth in Rule 11. *See* Fed. R. Crim. P. 11(c);

*see generally* Ex. 1.  After receiving Petitioner's guilty pleas, the Court observed, "Mr. Taylor appeared in court today with counsel.  He was extremely attentive, paid attention[,] and responded to each of the questions that I asked him," and adjudged Petitioner guilty.  Ex. 1 at 27:3-28:23.

Nothing in the Motion demonstrates—or even alleges—"that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 58-59; *Garraghty*, 845 F.2d at 475.  Petitioner simply makes the bold, incredible assertion, notwithstanding his guilty plea and agreement under oath with the factual stipulation supporting his conviction, that "Taylor was not guilty under law for the 924 statu[t]e as charged." Mot. at 60.  Petitioner's own sworn admissions, and the Court's thoroughly examined findings, completely gut Petitioner's contention.  *See* Ex. 1 at 14:24-15:2, 26:2-17, 27:9-11, 28:22-23.

Significantly, during the course of the hearing, the Court asked Petitioner, "Are you satisfied as you sit there now that you fully understood what [the plea agreement] said before you signed it?" and he responded, "Yes, sir."  Ex. 1 at 4:11-13.  Fatal to the ineffective assistance contention, the Court also asked, "Have you had enough time to consult with Mr. Wood, your attorney?" and "Are you satisfied with the help that he has given you?" and Petitioner responded, "Yes, sir" each time.  *Id.* 5:22-6:2.  As was plain from Petitioner's prior responses, the Court found, "[Petitioner] has confirmed that he carefully read and understood the Plea Agreement before he signed it and he had the opportunity to ask questions of his counsel before doing so. . . .  He's expressed confidence in the representation provided by his attorney." *Id.* 28:14-21.  Petitioner now says something different.

Petitioner's allegations in the Motion now contradict the statements he made under oath at his plea hearing and should be rejected.  "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district

9

court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. Petitioner's allegations in the Motion regarding counsel's ineffectiveness are "'palpably incredible' and 'patently frivolous or false.'" *Id.* at 221.[4]

For this reason the Motion summarily should be denied.

## II. Petitioner Is Not Otherwise Entitled to Withdraw His Guilty Plea

Petitioner is not entitled to Section 2255 relief on account of ineffective assistance of counsel, and he is not entitled to withdraw his guilty plea on any other ground. When a defendant seeks to withdraw his guilty plea after sentencing, courts in the Fourth Circuit ordinarily review the factors set forth in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) (citing *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied*, 488 U.S. 863 (1988); *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir.1984), *cert. denied*, 471 U.S. 1004 (1985); *United States v. Kobrosky*, 711 F.2d 449, 455-56 (1st Cir.1983)), to determine whether such withdrawal is "fair and just":

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary;

(2) whether the defendant has credibly asserted his legal innocence;

(3) whether there has been a delay between the entering of the plea and the filing of the motion;

(4) whether defendant has had close assistance of competent counsel;

---

[4] Petitioner does not provide any factual allegations, let alone credible factual allegations, supporting the contention that either his counsel or the Government demonstrated racial animus or discriminatory intent in the prosecution or defense of his case.

(5) whether withdrawal will cause prejudice to the government; and

(6) whether it will inconvenience the court and waste judicial resources.

*See, e.g.*, *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *Weymouth v. United States*, No. 203-CR-82, 2005 WL 1667754 (E.D. Va. June 15, 2005).[5]  The Fourth Circuit has explained that a post-sentencing motion to withdraw a guilty should only be granted where a defendant establishes "the plea proceedings were marred by a fundamental defect that inherently resulted in a complete miscarriage of justice, or in omissions inconsistent with rudimentary demands of fair procedure." *Ubakanma*, 215 F.3d at 425.  Petitioner can make no such showing.

Indeed, none of the *Moore* factors weigh in Petitioner's favor here.  First, as discussed above, Petitioner's own words under oath and the Court's findings at the plea hearing establish conclusively that Petitioner's guilty plea was knowing and voluntary.  The Court, in fact, noted how attentive Petitioner was during the plea hearing.  *See* Ex. 1 at 27:3-28:23.  Petitioner offers no credible evidence to the contrary.  Second, Petitioner has not credibly asserted his legal innocence.  Although Petitioner now claims that he somehow was innocent of the 924(c) charge, Mot. at 58-60, Petitioner's own words under oath during the Rule 11 colloquy established the factual predicate underlying his convictions on both counts in the indictment.  *See* Ex. 1 at 23:24-26:17.  The Court should not credit Petitioner's new baseless, self-serving contradictions (or the assertion that mandatory minimum sentences generally violate the equal protection or due process clauses, *see* Mot. at 15-60).  *Lemaster*, 403 F.3d at 221-22.  Three, there has been a substantial delay between

---

[5]  Rule 11(e) does not set forth the specific standard to be applied in the current procedural posture.  *See* Fed. R. Crim. P. 11(e) ("Finality of a Guilty or Nolo Contendere Plea.  After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.").  Subsection (d) provides that prior to imposition of a sentence, a plea can be withdrawn if the Court rejects a plea agreement under Rule 11(c)(5) or if a defendant can establish a "fair and just reason" for the withdrawal.  Neither situation is applicable here.

entry of Petitioner's guilty plea and the instant attempt to withdraw it. Petitioner pleaded guilty on December 1, 2017, *see* ECF No. 25, and waited eight months before seeking to withdraw his guilty plea via (or in concert with) an ineffective assistance of counsel claim, *see* ECF No. 37. In *Moore*, the Fourth Circuit noted that a six-week delay weighed against the defendant. 931 F.2d at 248 ("Third, Moore long delayed between the time of the pleas and the time of entering the motion to withdraw guilty pleas. He waited six weeks before giving notice of his intent to move to withdraw his pleas."); *cf. Weymouth*, 2005 WL 1667754, at *11 (noting that 2255 Petitioner was "dilatory in requesting to withdraw his guilty plea" because "his delay of ten months in light of the context of *Moore* is extremely long"). Fourth, as discussed above, Petitioner cannot now claim he did not have the assistance of competent because that directly contradicts his sworn responses to the Court during the Rule 11 hearing. *See* Ex. 1 at 5:22-6:2, 28:14-21. Fifth, the Government would suffer prejudice if Petitioner is allowed to withdraw his guilty plea. The Government has previously expended resources in the investigation and prosecution of the case. Some of the allegations underlying the indictment are now over two years old, *see* PSR at ¶ 10, and "the ability of government witnesses to recall facts is almost certainly diminished." *United States v. Jones*, Crim. No. TDC-14-0475, 2017 WL 57778, at *7 (D. Md. Jan. 4, 2017). Sixth, allowing Petitioner to withdraw his guilty plea would result in a waste of judicial resources. The evidence set forth in the factual stipulation sufficiently established Petitioner's guilt, but, as noted in the factual stipulation and during the plea hearing, that was not all of the evidence the Government would have proffered against Petitioner. Ex. 1 at 23:24-24:3; *see also* ECF No. 25-1 at 1. Considering the strength of the evidence against Petitioner (including, but not limited to, surveillance of Petitioner over the course of seven months, audio recordings of numerous controlled buys, pre-recorded law enforcement funds, testimony from the CS conducting drug transactions with

Petitioner, testimony from law enforcement officers who conducted the search warrant at Petitioner's residence, and evidence seized from Petitioner's residence), trial as to either or both counts would result in a conviction. Without the benefit of acceptance of responsibility and additional drug weight evidence likely would result in a higher sentence than that which Petitioner is presently serving. By all accounts, a trial of this matter would result in a serious waster of judicial and government resources with no benefit to Defendant.

Because none of the *Moore* factors weigh in Defendant's favor, and the Court would have to discredit Defendant's sworn responses during the plea colloquy, Defendant has no basis for withdrawing his guilty plea. The Motion likewise in this regard should be denied without a hearing.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny in its entirety Petitioner's Post Conviction Motion Pursuant to § 2255 without a hearing.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Ray McKenzie
Assistant United States Attorney
6500 Cherrywood Lane
Suite 200
Greenbelt, Maryland 20770

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served electronically through the Clerk of the United States District Court using CM/ECF and mailed, via first class mail, on November 5, 2018, to the Petitioner at the following address:

Quincy O'Neill Taylor
63093-037
FCI Fairton
Federal Correctional Institution
Satellite Camp
P.O. Box 420
Fairton, NJ  08320

                                                               /s/
                                         Ray McKenzie
                                         Assistant United States Attorney
                                         6500 Cherrywood Lane
                                         Suite 200
                                         Greenbelt, Maryland  20770