IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 17-cr-0268-PWG** |
| **QUINCY O'NEILL TAYLOR** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Quincy O'Neill Taylor's Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 60). Mr. Taylor is currently incarcerated at FCI Fairton, serving a sentence of 120 months. Judgment Order 2 (ECF No. 34). Mr. Taylor seeks a reduction of sentence to time served, or alternatively, a modification of the sentence to home confinement. Def.'s Reply 1 (ECF No. 77). I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Mr. Taylor's motion is **DENIED**.

## BACKGROUND

On December 1, 2017, Mr. Taylor pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846, and to one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Plea Agreement 1 (ECF No. 25). On February 7, 2018, this Court sentenced Mr. Taylor to a total of 120 months' imprisonment. Judgment Order 2. In light of the prescribed mandatory minimums, Mr. Taylor's sentence reflected the lowest possible

---

[1] The motion is fully briefed. *See* ECF Nos. 60, 72, and 77.

sentence permitted under the law. Sentencing Tr. 14 (Sept. 24, 2018) (ECF No. 41). Mr. Taylor's estimated release date is September 26, 2026. Def.'s Reply 8.

Mr. Taylor moves for compassionate release, stating that his hypertension and obesity put him at an increased risk of becoming severely ill were he to contract coronavirus. *Id.* at 3. Mr. Taylor states that his hypertension is "severe" and that his obesity qualifies as a "serious physical condition" under U.S.S.G. § 1B1.13(1)(A)(ii)(I). *Id.* Overall, Mr. Taylor asserts that he is suffering from "serious physical ailments" that clearly demonstrate "extraordinary and compelling reasons" justifying compassionate release. *Id.*

The government opposes Mr. Taylor's release, arguing that Mr. Taylor has failed to meet his burden. Gov't Opp'n 1 (ECF No. 72). The government concedes that Mr. Taylor has exhausted his administrative remedies but has nevertheless failed to demonstrate extraordinary and compelling reasons to justify release. *Id.* at 9–10. The government submits that Mr. Taylor's obesity is "borderline," and that his hypertension is not severe. *Id.* at 12, 15. Citing CDC Guidance for individuals at risk for severe illness as a result of COVID-19, the government argues that hypertension falls into the category of conditions that *might* cause an increased risk for severe illness, whereas more serious conditions fall into the category of those who *are* at an increased risk of severe illness.[2] *Id.* at 11 (emphasis added). The government also states that as of September 3, 2020, FCI Fairton, where Mr. Taylor is incarcerated, only has four inmates who currently have COVID-19.[3] *Id.* at 16.

---

[2] The Court notes, however, that the same CDC Guidance that the government raises also indicates that obesity is one of the more serious conditions where there is an increased risk for severe illness. Gov't Opp'n, at 11.

[3] As of October 27, 2020, FCI Fairton has one active case among inmates, and five active cases among staff. (http://www.bop.gov/coronavirus, last accessed Oct. 27, 2020.)

**DISCUSSION**

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Taylor requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[4] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

**I.   Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on Mr. Taylor's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. Mr. Taylor filed a request for compassionate release on April 19, 2020 (ECF No. 65), and more than 30 days

---

[4]   The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.

3

transpired without a response from BOP. The government agrees that Mr. Taylor has exhausted his administrative remedies. Gov't Opp'n, at 9. Thus, this Court may rule on Mr. Taylor's motion.

## II. Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance.

The applicable Sentencing Commission policy statements are found in U.S.S.G. § 1B1.13, which recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of Mr. Taylor; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Mr. Taylor moves for compassionate release by citing his obesity and his diagnosed hypertension as increasing the likelihood that he would fall severely ill if he were to contract coronavirus. Def.'s Reply 2. Mr. Taylor contends that the combination of his medical conditions

and the failure of BOP to control the spread of COVID-19 constitute extraordinary and compelling reasons for compassionate release. *Id.* at 5.

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted the coronavirus. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

There is no doubt that Mr. Taylor suffers from hypertension and that his BMI qualifies him as obese. However, it is apparent that neither of these conditions are so serious as to warrant release at this time. Moreover, as discussed *supra*, the current status of FCI Fairton indicates that the spread of coronavirus—at least for the time being—remains sufficiently under control. Neither has Mr. Taylor shown that if he were to contract the virus, he would not receive appropriate treatment at the BOP facility where he is detained, or a nearby civilian medical facility. Of course, this can change rapidly, and the current status of the virus is no guarantee that these conditions at FCI Fairton will persist. However, at the moment, because Mr. Taylor's medical conditions appear nonserious, and because the current state of coronavirus spread at FCI Fairton is controlled, extraordinary and compelling circumstances do not exist that would justify compassionate release. These concerns are further considered in the analysis of the sentencing factors.

### III. Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a). Mr. Taylor pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine, as well as one count Possession of a Firearm in Furtherance of a Drug Trafficking Crime. The presentence report assigned Mr. Taylor a criminal history score of zero. Presentence Investigation Report 9 (ECF No. 29). Mr. Taylor's combined sentence of 120 months was the lowest sentence permissible by law, and as this Court noted during sentencing, did not adequately reflect the crime nor Mr. Taylor's lack of a criminal history. However, this Court is cognizant of the inextricable link between drug trafficking and violence, propagated through the use of firearms, and acknowledges Congress' intent to punish conduct that combines the two with a substantial period of incarceration, as evidenced by prescribing the mandatory minimums. Furthermore, Mr. Taylor has only completed roughly one quarter of his sentence. To release Mr. Taylor after serving so little of a mandatory sentence would undermine Congress' clear intent that those who have been convicted of serious drug and gun violations serve a substantial sentence.

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Taylor faces based on his weight and his hypertension. However, considering the current status of Mr. Taylor's health and the facility in which Mr. Taylor is incarcerated, and the fact that Mr. Taylor has only completed roughly one quarter of his sentence, Mr. Taylor has failed to meet his burden of demonstrating extraordinary and compelling reasons to justify release. Therefore, Mr. Taylor's motion for compassionate release is denied.

### ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this **28th** day of October 2020, hereby ORDERED that Taylor's Motion for Compassionate Release (ECF No. 60) is DENIED.

/S/
Paul W. Grimm
United States District Judge