IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. 17-cr-0268-PWG |
| QUINCY O'NEILL TAYLOR | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Quincy O'Neill Taylor's Renewed Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 94 ("Def.'s Mot.").[1] Mr. Taylor is currently incarcerated at FCI Fairton in Fairton, NJ, where he is serving a sentence of 120 months. Judgment 2 (ECF No. 34); bop.gov/inmateloc/ (last visited July 8, 2021). In his renewed motion, Mr. Taylor again seeks a reduction of his sentence to time served, or in the alternative to supervised release with home confinement, citing his medical conditions as well as a December 29, 2020 positive diagnosis for COVID-19. Def.'s Mot 1. I have reviewed all the materials[2] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Mr. Taylor's motion is DENIED.

## BACKGROUND

As I stated in my earlier memorandum opinion ruling on Mr. Taylor's first motion, on December 1, 2017, Mr. Taylor pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846, and to

---

[1] While the Government argues Mr. Taylor has filed an untimely motion for reconsideration that is time-barred, Gov't Opp. 2, ECF No. 101, Mr. Taylor's motion raises new grounds for relief: namely, his COVID-19 diagnosis. Therefore, I will not construe the motion as one for reconsideration.
[2] The motion is fully briefed. *See* ECF Nos. 94, 101, 107 and 109.

one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Plea Agreement 1 (ECF No. 25). On February 7, 2018, this Court sentenced Mr. Taylor to a total of 120 months' imprisonment. Judgment 2. In light of the prescribed mandatory minimums, Mr. Taylor's sentence reflected the lowest possible sentence permitted under the law. Sentencing Tr. 14 (Sept. 24, 2018) (ECF No. 41). Mr. Taylor's estimated release date is September 26, 2026. bop.gov/inmateloc/ (last visited July 8, 2021).

The first motion sought compassionate release on the basis of Mr. Taylor's hypertension and obesity putting him at an increased risk of becoming severely ill should he contract COVID-19. Mem. Op. 2, ECF No. 85. The Government opposed Mr. Taylor's motion, arguing that he failed to show extraordinary and compelling circumstances, that the § 3553(a) factors did not favor release, and that he remained a danger to the community. *Id*. In denying the motion, I found Mr. Taylor's health conditions did not amount to extraordinary and compelling circumstances sufficient to justify release. More importantly, I found that he remained a danger to the community and that the § 3553(a) factors did not favor release. *Id*. at 5–7.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. High,* 997 F.3d 181, 185 (4th Cir. 2021). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Taylor again requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[3] The First Step Act permits a defendant to petition a federal court

---

[3] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the BOP. In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the Court to act on a motion for compassionate release filed by a defendant.

2

directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the Bureau of Prisons ("BOP") received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

## I. Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). As I previously found, this condition is satisfied. Mem. Op. 4, ECF No. 85.

## II. Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has found that there is not an applicable policy statement governing a defendant's motion for compassionate release. *United States v. High*, 997 F.3d at 186 (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Additionally, I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence, and that the statute does not require a court to defer to the

3

Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *McCoy*, 981 F.3d at 281–82. More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance. *Id.* at 279 (citing *United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 provide guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2). The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C); *see also McCoy*, 981 F.3d at 280–81.

The Fourth Circuit notes that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *High*, 997 F.3d at 185. An inmate may present an extraordinary and compelling reason related to COVID-19, and district courts have discretion in resolving such motions. *Id.* Judges in this Court have found that the standard of extraordinary and compelling

4

reasons was met during the COVID-19 pandemic where defendants have serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No. 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this Court and other courts, and the application to multiple serious conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

While Mr. Taylor's initial motion relied on his hypertension and obesity—and the additional risk those conditions invite when COVID-19 is present in BOP facilities—to argue extraordinary and compelling reasons were present, Mr. Taylor now adds to his reasons his December 29, 2020 COVID-19 diagnosis. Mr. Taylor states his diagnosis, combined with a rapid increase in cases at FCI Fairton, shows that the BOP has failed to properly manage the pandemic. Def.'s Mot. 4.

In its opposition, the Government argues Mr. Taylor still cannot present evidence sufficient to overcome my earlier finding that he does not meet the extraordinary and compelling circumstances threshold. Specifically, the Government argues Mr. Taylor's COVID-19 diagnosis is insufficient to meet this standard because Mr. Taylor was asymptomatic during the course of his illness. Gov't Opp. 3 (citing Medical Records at 1–3, 36–37 Ex. A to Gov't Opp., ECF No. 101-1).

While I am concerned with the potential for debilitating and fatal outcomes as a result of Mr. Taylor's diagnosis, and am aware of the unknowns regarding the course of this disease, Mr. Taylor has not shown that his particular diagnosis poses any increased threat to his physical health beyond those health complications already present. The medical records, which the Government

5

provided, show Mr. Taylor received regular consultations after his diagnosis and that he received treatment for his other preexisting conditions. While Mr. Taylor correctly points out that these are in fact chronic conditions, Def.'s Reply 3, ECF No. 107, they are chronic conditions for which he receives regular medication and medical oversight. Accordingly, I find that Mr. Taylor has failed to present sufficient evidence for me to revisit my earlier finding that he does not meet this threshold. As the Government argues, and the medical records support, Mr. Taylor's diagnosis was not severe—he reported no symptoms. An asymptomatic case, in this instance, is not enough to show extraordinary and compelling circumstances. But even if it were, the § 3553(a) factors and Mr. Taylor's potential dangerousness to the community undermine his motion.

### III. Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary but not sufficient condition for compassionate release. I must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

> Here, nothing changes my earlier conclusion that
>
> granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a). Mr. Taylor pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine, as well as one count [of] Possession of a Firearm in Furtherance of a Drug Trafficking Crime. The presentence report assigned Mr. Taylor a criminal history score of zero. Presentence Investigation Report 9 (ECF No. 29). Mr. Taylor's combined sentence of 120 months was the lowest sentence permissible by law, and as this Court noted during sentencing, did not adequately reflect the crime nor Mr. Taylor's lack of a

6

> criminal history. However, this Court is cognizant of the inextricable link between drug trafficking and violence, propagated through the use of firearms, and acknowledges Congress' intent to punish conduct that combines the two with a substantial period of incarceration, as evidenced by prescribing the mandatory minimums.

Mem. Op. 6, ECF No. 85. While Mr. Taylor argues that he has not received disciplinary infractions while incarcerated, but has completed programming such as the residential drug treatment program, has maintained employment as an orderly, and scores at the minimum on the BOP's "Male Pattern Risk Scoring" assessment, Def.'s Mot. 7–8, these factors do not override the aforementioned link between drug trafficking and violent crime, nor do they meaningfully refute the Congressional intent behind the sentence here, which I am bound to consider. Mr. Taylor's accomplishments thus far in prison are commendable, but those accomplishments notwithstanding, I find that there remains a need for the original sentence that I imposed.

Mr. Taylor has also supplemented his motion, noting a recent concurrence from the Fourth Circuit in which Judge Gregory stated that courts may grant compassionate release in any case; the amount of time a defendant has served or must still serve should not affect a defendant's eligibility for compassionate release. Def.'s Supp. 1, ECF No. 109 (citing *United States v. Kibble*, 992 F.3d 326, No. 20-7009, 2021 WL 1216543 at *6–7 (4th Cir. Apr. 1, 2021) ("[W]hen extraordinary and compelling circumstances exist, even the most serious offenders may be eligible for mercy.")). But Judge Gregory also observed that the length of sentence remaining may be a factor worth considering under the § 3553(a) factors and, more importantly, that it would only be reversible error where a court found the sentence to be a dispositive factor. When addressing the remaining duration of Mr. Taylor's sentence in my earlier opinion, I observed that release at that time (and at this time) would be inconsistent with Congress' intent to impose severe punishments upon those convicted of serious gun and drug offenses. Mem. Op. 6. To be clear, that Mr. Taylor

has over five years of his sentence remaining is not a dispositive factor in denying his motion. But the fact he received such a lengthy sentence is relevant to finding the § 3553(a) factors do not favor release at this time, namely that Mr. Taylor stands convicted of a severe offense, Congress endorsed a need for a lengthy sentence in these circumstances, and the policy underlying the offense is to protect against and punish crimes combining guns and drugs.

Considering all of the circumstances, I find that granting release at this time remains inconsistent with the sentencing factors set forth in § 3553(a) for the reasons states above.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Taylor faces based on his medical conditions and the fact of his confinement during a deadly global pandemic. However, I find that he still fails to present extraordinary and compelling circumstances sufficient to justify release but that even if he did, the § 3553(a) factors do not militate in favor of release. Therefore, Mr. Taylor's motion for compassionate release is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 9th day of July 2021, hereby ORDERED that Mr. Taylor's Renewed Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 94 is DENIED.

/S/
Paul W. Grimm
United States District Judge